UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFF BOUSQUET,

           **Plaintiff,**

    v.                                      Case No. 23-CV-504

EAGLE DISPOSAL, INC.,

           **Defendant.**

## DECISION AND ORDER

On January 29, 2024, the court granted the plaintiff's motion to conditionally certify a collective under the Fair Labor Standards Act comprised of "all drivers and mechanics who received a bonus from Eagle Disposal on or after October 3, 2020, three years before the date Plaintiffs are filing this motion for conditional certification." *Bousquet v. Eagle Disposal, Inc.*, No. 23-CV-504, 2024 U.S. Dist. LEXIS 14987, at *18 (E.D. Wis. Jan. 29, 2024). The court subsequently approved the plaintiff's amended Notice of Pendency of Lawsuit. (ECF No. 47.)

The plaintiff recently filed an expedited motion to issue a supplemental notice to prospective members of the collective. (ECF No. 49.) Plaintiff's counsel states that he spoke with a current Eagle employee who said that he feared retaliation by Eagle if he

opted into the lawsuit. The employee reportedly stated that he wished to participate only if at least ten other employees also opted in.

The plaintiff asks the court to approve a supplemental notice that refers to an employee having stated he feared retaliation and expressly informs the prospective collective members that the FLSA prohibits retaliation. (ECF No. 49-1.) The plaintiff also asks to be able to file all the opt-in notices together at the end of the opt-in period, and to advise prospective opt-in plaintiffs of this procedure.

Eagle opposes the motion. (ECF No. 51.) It argues that approving a second notice crosses the line into impermissible solicitation and is inconsistent with the court's obligation of neutrality. Moreover, notice that retaliation is prohibited is unnecessary. The prohibition against retaliation is well-established, and counsel can make that clear to any would-be member of the collective who reaches out for additional information.

The court finds that a second notice is unnecessary and would be improper under the circumstances.

The court oversees the notice process to "ensure that it is timely, accurate, and neutral." *McColley v. Casey's Gen. Stores, Inc.*, 627 F. Supp. 3d 972, 977 (N.D. Ind. 2022) (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171-72, 110 S. Ct. 482, 487, 107 L.Ed.2d 480, 489 (1989)). There is no evidence that Eagle has, in any way, threatened retaliation against any opt-in plaintiff or that it has provided employees a reasonable basis to fear retaliation. Rather, the plaintiff offers only counsel's recounting of a conversation with a

current employee who stated he feared retaliation. The employee did not point to any concrete reason for his concern.

The fact that no employee has yet opted into the lawsuit does not support the inference that employees fear retaliation. Even an employee with a meritorious claim under the FLSA may forgo that claim for many legitimate reasons. This case arises from the fact that Eagle chose to give its employees bonuses. Because using bonuses as a means of compensation could be exploited by unscrupulous employers to undermine the purposes of the FLSA, certain bonuses must be accounted for in calculating a worker's overtime rate. Eagle allegedly failed to comply with these rules and thus paid its employees less than they would be entitled to under the FLSA. But the employees were not paid less than they expected—they received their full wages, overtime at a rate of time-and-a-half of their regular wages, and a bonus. An employee may reasonably see submitting a claim for additional overtime wages because he received a bonus as looking a proverbial gift horse in the mouth. An employee's fear of losing his employer's goodwill, esteem, or respect, or an employee's fear of appearing ungrateful for an employer's act of appreciation are different than an employee fearing retaliation. So long as they do not translate into an adverse employment action, the FLSA does not regulate an employer's sentiments towards employees.

Nonetheless, if the initial proposed notice had broadly referred to the FLSA's prohibition against retaliation, the court likely would have approved the provision. The

3

FLSA's anti-retaliation provision is an important part of ensuring the overall effectiveness of the Act, and fear of retaliation may deter employees from opting into a collective action. It is the plaintiff's request to send a second notice to potential opt-in plaintiffs that the court finds inappropriate.

The FLSA's notice procedures must be limited to informing potential plaintiffs of the option of joining a suit; the procedures must not be employed in a manner that crosses the line into persuading or encouraging plaintiffs to opt-in. *See McColley*, 627 F. Supp. 3d at 977. Employing a court-authorized process in this manner would be inconsistent with the court's obligation to maintain neutrality.

Absent a compelling reason for a second or supplemental notice to the same prospective opt-in plaintiffs, *see, e.g.*, *Gonzalez v. Maverick Exteriors, Ltd. Liab. Co.*, No. 1:21-CV-04276, 2022 U.S. Dist. LEXIS 170586, at *9 (N.D. Ill. Sep. 21, 2022) (approving a supplemental notice to address "what could be viewed as coercive behavior" by the defendant), a court should be reluctant to resort to this procedure lest it be seen as encouraging plaintiffs to opt in. The plaintiff has failed to show such a compelling reason here.

**IT IS THEREFORE ORDERED** that the plaintiff's Motion to Approve Supplemental Notice (ECF No. 49) is **denied**.

Dated at Milwaukee, Wisconsin this 21st day of March, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge