UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JEFF BOUSQUET
On behalf of himself and
all others similarly situated,

        Plaintiff,

v.

EAGLE DISPOSAL, INC.,

        Defendant.

Case No. 2:23-cv-00504-JPS

**JOINT MOTION TO APPROVE SETTLEMENT**

**Introduction and Procedural History**

Jeff Bousquet ("Bousquet") was a driver for Eagle Disposal, Inc. ("Eagle") between April of 2022 and March of 2023. He filed this action in May of 2023 alleging that Eagle failed to pay him for work he performed before punching in; and failed to include bonuses paid to him in computing his regular rate for overtime pay. (Doc. 17) In his complaint, Bousquet sought a collective action under the Fair Labor Standards Act and a class action under Wis. Stat. §109.03 for other employees of Eagle. *Id*. Eagle denied Plaintiff's allegations. (Doc. 18) The parties consented to proceed before a magistrate judge and conducted discovery in the case.

In October of 2023, Bousquet requested conditional certification of his Fair Labor Standards Act ("FLSA") claim as a collective action for two collectives. (Doc. 19-22) On January 29, 2024, the court granted Bousquet's motion for the collective comprised of the drivers and mechanics who received a bonus from Eagle Disposal on or after October 3, 2020, and denied Bousquet's motion to conditionally certify a collective of drivers that began work by conducting a pre-trip inspection before punching in. (Doc. 44) A Notice of Pendency of Lawsuit to the

1

conditionally certified class was submitted and approved by the court. (Doc.48) The Notice of Pendency of Lawsuit was sent by Plaintiff's counsel to 47 current and former Eagle employees. The Notice advised employees of their right to participate in the lawsuit and instructed them to return a consent form within 60 days, or by April 29, 2024, to join the lawsuit. (Doc. 46-47) On March 13, 2024, Christopher Kelley ("Kelley") signed a Consent to Opt In and Participate as a Plaintiff in Suit for Violation of Fair Labor Standards Act and this consent was filed with the court on June 19, 2024. (Doc. 54) On March 29, 2024, Ronald Uttke ("Uttke") filed a Consent to Opt In and Participate as a Plaintiff in Suit for Violation of Fair Labor Standards Act and this consent was filed with the court on June 19, 2024. (Doc. 58) No other consent forms were filed to opt in to the litigation and the time has passed for this opt in. Members of an FLSA collective action "must opt into the suit to be bound by the judgment or settlement in it…." *Espenscheid v. DirectSat USA*, LLC, 705 F.3d 770, 771 (7th Cir. 2013).

The parties have now agreed to a settlement to resolve this litigation and seek court approval of that settlement.

## Summary of Settlement Agreement Terms

The parties have negotiated a settlement agreement through their attorneys. The Settlement Agreement is submitted with this motion as **Exhibit A**. It provides a total payment of $16,367.41 by Eagle, which includes a payment of $3,300 to Bousquet for both claims asserted in the action, and payments of $1,400 and $1,000 to Uttke and Kelley for the overtime wage rate claims they have opted into as part of the collective. One-half of the payments are treated as wage payments and one-half are treated as liquidated damages and taxes will be withheld by Eagle accordingly. It also provides a payment to the Previant Law Firm in the amount of $10,667.41 for attorney's fees

2

and costs incurred in the action. This agreement has been signed by Eagle, Bousquet, Kelley, and Uttke, indicating their consent to be bound to the settlement terms.

**Analysis**

There are two disputes in this case over wage payments made by Eagle. The first dispute involves whether Bousquet was paid for work performed before punching in. Bousquet argues that he performed pre-trip inspections before he was permitted to, and did clock in. Kelley and Uttke similar contend there were instances when they performed work before they were permitted to and did punch in. The second dispute in the action involves whether Eagle should have included bonuses in its calculation of the overtime wage rate used to pay overtime to its hourly employees. Bousquet and the opt-in members of the collective action, Kelley and Uttke, claim that the overtime wage rate should have included the bonuses that Eagle paid in December of 2021, as well as quarterly bonuses that Eagle paid starting in July of 2022.

As explained by the attached Declaration by Plaintiff Counsel, in his opinion the proposed payments of $3,300 to Bousquet, $1,400 to Uttke, and $1,000 to Kelley represent payment of the full amount that Eagle owes to them for unpaid wages, including alleged FLSA liquidated damages. (Ho Dec. ¶¶2-5) The proposed Settlement Agreement only releases the three Plaintiffs' wage claims, so that the Plaintiffs are receiving full relief on the claims that they are releasing. Even if there were compromises built into the settlement so that Plaintiffs did not receive the full amount alleged owed to them, to approve such a settlement a Court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1355 (1st Cir. 1982).

As to Plaintiffs' claim that they were entitled to be paid for work performed before they punched in, an employer is required to pay wages for work performed by its employees. 29 U.S.C.

3

§ 201 et. seq. An employee's workday commences upon an employee engaging in activity that is "integral and indispensable" to his principal activity for his employer. *Chagoya v. City of Chi.*, 992 F.3d 607, 618 (7th Cir. 2021). There is a bona fide dispute between the parties over whether Bousquet, Kelley, and Uttke performed any work before clocking in, or whether the instances when trucks were started before employees punched in were instances in which employees tried to keep their trucks warm or cool for their benefit, rather than performed any compensable work. Additionally, there is a bona fide dispute between the parties over whether Eagle can be charged with notice that its employees were performing work before they punched in.

As to the Plaintiffs' claim that Eagle Disposal must include bonuses in computing its employees' regular rates, the regular rate must include bonuses paid to the employee unless both the fact of payment and amount of the bonus is "determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly." 29 U.S.C. §207(e)(3); 29 C.F.R. §778.211(c); *Gilbertson v. City of Sheboygan*, 165 F. Supp. 3d 742, 749-750 (E.D. Wis. 2016). There are bona fide disputes between the parties over both whether Eagle Disposal surrendered in advance its discretion over the amount of the bonuses though there was some variability in the amounts of bonuses it paid to its employees; and whether a discretionary bonus that was announced to employees in advance to induce them to improve their work performance must be included in the regular rate.

The parties have been able to conduct discovery during the 14 months that this matter has been pending. Eagle has produced numerous documents reflecting its business practices including, but not limited to, truck start time reports, employee policies and procedures, personnel files, paystubs, bonus payment lists, driver meeting notes, employee handbooks, and truck assignment

4

lists. The Court should easily approve the parties' settlement agreement, which was concluded after adequate discovery provided the parties with sufficient knowledge of the pending claims and defenses to negotiate a fair settlement agreement.

## Conclusion

For the above stated reasons, the Court should grant approval to the settlement of FLSA claims between Bousquet, Kelley, Uttke and Eagle. Because all members that have opted in to the collective have consented to the terms of and signed the settlement, no notice to collective members is necessary.

Dated: July 24, 2024                                    Dated: July 24, 2024

THE PREVIANT LAW FIRM, S.C.                             LICHTSINN & HAENSEL, s.c.
Attorneys for Plaintiff                                 Attorneys for Defendant


By: *Electronically signed by Yingtao Ho*               By: *Electronically signed by Cynthia Mack*
    Yingtao Ho                                              Cynthia Mack
    State Bar No. 1092395                                   State Bar No. 1018150
    301 West Wisconsin Avenue, #100 MW                      111 E. Wisconsin Avenue, #1800
    Milwaukee, WI 53203                                     Milwaukee, WI 53202
    T: 414-271-4500                                         T: 414-276-3400
    F: 414-271-6308                                         F: 414-276-9278
    yh@previant.com                                         cmack@lhlawfirm.com